Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSLEN RENTALS, LLC, TIM K. JOSLEN,

    Plaintiff,

v.

BONNEVILLE POWER ADMINISTRATION,

    Defendant.

No. C10-5576-RJB

MOTION TO DISMISS

Noted on Motion Calendar:
September 17, 2010

COMES NOW the Defendant, by and through its counsel, Jenny A. Durkan, United States Attorney for the Western District of Washington, and Kayla C. Stahman, Assistant United States Attorney for said District, and hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## I. FACTS

On August 10, 2010, Plaintiff filed the Complaint in this action in Clark County District Court. Dkt. Nos. 1 and 2. Defendants removed the case to Federal District Court on August 16, 2010. Dkt. No. 1. Plaintiff claims that the Bonneville Power Administration ("BPA") wrongly cut down six trees on his property, without notice. Plaintiff's Complaint at 5 (Dkt. No. 1-2). Plaintiff claims that as result of the tree removal he has suffered $4,745.60 in damages. Plaintiff appears to be asserting tort

DEFENDANTS' MOTION TO DISMISS - 1
(C10-5576-RJB)

UNITED STATES 700 Stewart
Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-797098104
(206) 553-7970

claims against BPA for loss of property with respect to the alleged wrongful removal of his trees.

## ARGUMENT

### Plaintiff's tort claims fail under the Federal Tort Claims Act.

A.   **Statutory scheme of the Federal Tort Claims Act**.

The United States of America can be sued only to the extent that it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 813-814 (1976); *See also Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir.1995); *United States v. Testan,* 424 U.S. 392, 399 (1976); *United States v. King*, 395 U.S. 1, 4 (1969). The FTCA is a limited waiver of sovereign immunity. It grants district courts jurisdiction, in certain actions sounding in tort against the United States, for injuries caused by federal employees under circumstances where a private person would be held liable under the law of the state where the injury occurred. 28 U.S.C. §§ 2674, 1346(b). The FTCA is the exclusive remedy for individuals seeking damages against the government for any alleged tortious activities of governmental employees (both negligent and intentional) acting within the scope of employment. *See* 28 U.S.C. §§ 2674, 2679(b)(1); *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).

The Plaintiff bears the initial burden of proving that subject matter jurisdiction exists. *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir. 1992). The burden then shifts to the United States to prove the applicability of one of the exceptions to the FTCA's waiver of immunity. *See Senger v. United States*, 103 F.3d. 1437, 1444 (9th Cir. 1996) (concerning particularized showing required to establish applicability of discretionary function exception). The Supreme Court has long held that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957). Any waiver of sovereign immunity must be strictly construed in favor of the United States. *Library of Cong. v. Shaw*, 478 U.S. 310, 318 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-6 (1983); *Vacek v. United States Postal Serv.*, 447 F.3d

DEFENDANTS' MOTION TO DISMISS - 2
(C10-5576-RJB)

UNITED STATES 700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-797098104
(206) 553-7970

1248, 1250 (9th Cir. 2006).  Where the United States has not waived sovereign immunity, the district court has no subject matter jurisdiction.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 - 87 (1941).

    **B.**    **Under the Federal Tort Claims Act the United States is the only proper defendant.**

The United States is the only proper defendant and is the sole party which may be sued for injuries arising out of the tortious conduction of its employees under the FTCA.  *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).  As a result, individual agencies may not be sued under the FTCA.  *Id.*  In this case it appears that the Plaintiff is attempting to sue the BPA; however, it is not a proper defendant in an FTCA claim.  For this reason, Plaintiff's Complaint should be dismissed.

    **C.**    **Plaintiff failed to exhaust his administrative remedies as required under 28 U.S.C. § 2675(a).**

An action against the United States for damages resulting from the tortious conduct of a government agency or employee must be brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  As a jurisdictional prerequisite, an FTCA action can only be instituted once an administrative claim is denied, either actually or constructively by the agency's failure to act upon the claim within six months.  28 U.S.C. § 2675(a). [1]  Thus, an FTCA action may not be maintained when the claimant fails to exhaust administrative remedies prior to filing suit.  *McNeil v. United States*, 508 U.S. 206 (1993); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974) (statutory procedure is clear that tort proceeding may not be commenced in court against the United States until claim conclusively denied or lapse of six months without action); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (claim requirement is jurisdictional in nature and may not be waived).

---

[1] "An action shall not be instituted upon a claim against the United States for ... injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail...." 28 U.S.C. § 2675(a).

DEFENDANTS' MOTION TO DISMISS - 3
(C10-5576-RJB)

UNITED STATES 700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-797098104
(206) 553-7970

Plaintiff has not presented a valid claim to the BPA, an agency of the United States of America. *See* Declaration of Carol Jacobson at ¶ 7. An examination of records of claims filed with BPA's local and regional office indicates that no claim was ever filed on behalf of Plaintiff. *See Id*. Because Plaintiff never filed a claim with BPA, there has been no final or conclusive administrative decision issued by the agency and Plaintiff has not exhausted his administrative remedies and the Court lacks jurisdiction over his claim.

## CONCLUSION

Based on the foregoing, the Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

DATED this 23rd day of August, 2010.

JENNY A. DURKAN
United States Attorney

s/Kayla C. Stahman
KAYLA C. STAHMAN CABA 228931
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4088
Fax:    206-553-4073
E-mail: kayla.stahman@usdoj.gov

Attorneys for Defendants

DEFENDANTS' MOTION TO DISMISS - 4
(C10-5576-RJB)

UNITED STATES 700 Stewart
Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-797098104
(206) 553-7970

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the United States Attorney Office for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers.

That on August 23, 2010, she electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the plaintiff(s).

-0-

I further certify that I have mailed by Federal Express the foregoing document to the following non CM/ECF participant, addressed as follows:

Tim K. Joslen
Joslen Rentals, LLC
11802 NE 65th Street #101
Vancouver, WA 98662

DATED this 23rd day of August, 2010.

/s/Brandi A. Sefton
BRANDI A. SEFTON
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
Fax:   (206) 553-4073
E-mail: brandi.sefton@usdoj.gov

DEFENDANTS' MOTION TO DISMISS - 5
(C10-5576-RJB)

UNITED STATES 700 Stewart
Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-797098104
(206) 553-7970